In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-302 CR


____________________



ROBERT LEE JONES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 97226






 MEMORANDUM OPINION 


 On appeal, Robert Lee Jones complains that he received ineffective assistance of
counsel because his attorney failed to request a competency hearing. We hold that Jones has
failed to demonstrate any arguable error.

 Jones entered a non-negotiated plea of no contest to aggravated assault. See Tex. Pen.
Code. Ann. § 22.02 (Vernon Supp. 2006). Although the State contends that a plea
agreement existed, the record indicates that there was none. The trial court found Jones
guilty and sentenced him to twenty years in prison.

 Jones's appellate counsel filed an Anders brief. (1) Counsel's brief meets the Anders
requirements by presenting a professional evaluation of the record to demonstrate why there
are no arguable grounds to be advanced. See High v. State, 573 S.W.2d 807, 813 (Tex. Crim.
App. 1978). Counsel provided Jones with a copy of the brief. 

 Jones then filed a pro se brief. On appeal, Jones complains that he did not receive a
competency hearing, and contends that he was entitled to receive one because he was not
mentally competent at the time of trial and because he was insane at the time he committed
his offense. Jones specifically asserts that his counsel was deficient in failing to request a
competency hearing on his behalf. 

 The Court of Criminal Appeals directs that we not address the merits of issues raised
in Anders briefs or pro se responses. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim.
App. 2005). Rather, an appellate court may determine either: (1) "that the appeal is wholly
frivolous and issue an opinion explaining that it has reviewed the record and finds no
reversible error"[;] or (2) "that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues." Id.

 We have independently examined the clerk's record, the reporter's record, counsel's
brief, and appellate's pro se brief. Based on the record below, we agree that there is no
arguable error. (2) We agree with appellate counsel that the appeal is wholly frivolous and
without merit. Appointment of new counsel is not required. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Jones is free to file a petition for discretionary
review with the Court of Criminal Appeals to challenge our ruling. See Bledsoe, 178 S.W.3d
at 827. We affirm the trial court's judgment.

 AFFIRMED. 

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on July 5, 2007

Opinion Delivered July 25, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967).
2. Relief in appropriate cases for claims of ineffective assistance of counsel may be
available through an application for writ of habeas corpus. See Thompson v. State, 9 S.W.3d
808, 814-15 (Tex. Crim. App. 1999).